# Order

Michigan Supreme Court
Lansing, Michigan

October 24, 2012

145895

In re:

HON. WADE H. McCREE

SC: 145895
RFI Nos. 2012-19839
2012-19863

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

_____/

The Judicial Tenure Commission has issued a Decision and Recommendation, to which the respondent, Honorable Wade H. McCree, 3rd Circuit Court Judge, consents. It is accompanied by a settlement agreement, in which the respondent waived his rights, stipulated to findings of fact and conclusions of law, and consented to a sanction of public censure.

In resolving this matter, we are mindful of the standards set forth in *In re Brown*, 461 Mich 1293 (2000):

Everything else being equal:

(1) misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;

(2) misconduct on the bench is usually more serious than the same misconduct off the bench;

(3) misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;

(4) misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;

(5) misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;

(6) misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just

result in such a case, is more serious than misconduct that merely delays such discovery;

(7) misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship.

In the present case, those standards are being applied in the context of the following stipulated findings of fact of the Judicial Tenure Commission, which, following our de novo review, we adopt as our own:

1. Respondent is, and at all material times was, a judge of the 3rd Circuit Court in Detroit, Michigan.

2. As a judge, he is subject to all the duties and responsibilities imposed on judges by the Michigan Supreme Court, and he is subject to the standards for discipline set forth in MCR 9.104 and MCR 9.205.

3. On Sunday, June 6, 2010, Respondent used his cell phone to make a digital image of himself after completing a half-marathon and captioned the photograph "2010 Dexter-Ann Arbor race. Fit in my 50's."

4. A copy of the digital image is attached to the last page of the Settlement Agreement.

5. Respondent showed the digital image to a number of people, including his family, police officers, and deputies who worked in or passed through his courtroom.

6. Corporal LaDawnn Malone, a 24-year veteran of the Wayne County Sheriff's Department, serves as a "floater," filling in where necessary at the Wayne County Circuit Court.

7. Corporal Malone received the digital image on her cell phone.

8. Respondent believes he sent the digital image to Corporal Malone either at her request or on his own after Corporal Malone and Respondent discussed the image, approximately a year after it was made, although he has no specific recollection of doing so.

9. If called as a witness, Corporal Malone would testify that she retained the digital image as inspiration to motivate her to improve her workouts and eating habits.

10. Corporal Malone's husband provided a copy of the digital image to Charlie LeDuff, a reporter for the Fox 2 television station.

11.    On April 23, 2012, Mr. LeDuff interviewed Respondent in Respondent's chambers.

12.    During the interview, Respondent conducted himself in a flippant manner and did not give the interview the seriousness he should have. As a result, he brought shame and obloquy to the judiciary. For example, when discussing the digital image of him he said, "There is no shame in my game."

13.    The interview, and the digital image, spread rapidly around the internet and became the subject of jokes and ridicule.

14.    The same week, Respondent issued a statement which acknowledged, "Clearly, I made an extremely serious error in judgment. I am embarrassed and totally sorry."

We also adopt the Commission's conclusion that these facts demonstrate, by a preponderance of the evidence, that respondent breached the standards of judicial conduct in the following ways:

(a)    Misconduct in office, as defined by the Michigan Constitution of 1963, as amended, Article 6, Section 30, and MCR 9.205;

(b)    Failure to establish, maintain, enforce and personally observe high standards of conduct so that the integrity and independence of the judiciary may be preserved, contrary to the Code of Judicial Conduct, Canon 1;

(c)    Irresponsible or improper conduct which erodes public confidence in the judiciary, in violation of the Code of Judicial Conduct, Canon 2A;

(d)    Conduct involving impropriety and the appearance of impropriety, in violation of the Code of Judicial Conduct, Canon 2A;

(e)    A failure to willingly and freely accept restrictions on conduct, present due to constant public scrutiny, that might be viewed as burdensome on the ordinary citizen, Canon 2A;

(f)    Conduct which exposes the legal profession or the courts to obloquy, contempt, censure, or reproach, in violation of MCR 9.104(2); and

(g)    A lack of personal responsibility for his own behavior, contrary to MCR 9.205(A).

After reviewing the recommendation of the Judicial Tenure Commission, the settlement agreement, the standards set forth in *Brown*, and the above findings of fact and conclusions of law, we accept the recommendation of the Commission and ORDER that Honorable Wade H. McCree be publicly censured. This order stands as our public censure.

HATHAWAY, J., not participating because she has a professional relationship with a member of a law firm involved in this matter.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 24, 2012

_____
Clerk

s1017